IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ERNEST KNIGHT,

    Petitioner,

vs.                                      Case No. 4:12cv328-LC/CAS

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On July 1, 2012, Petitioner Ernest Knight, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner filed an amended § 2254 petition, Doc. 4, and, after direction by this Court, Doc. 6, he filed a second amended § 2254 petition, Doc. 9. Petitioner challenges his conviction and sentence entered by the Second Judicial Circuit, Leon County, Florida, on June 4, 2001, following a jury trial. Doc. 9 at 1-2.

On March 29, 2013, Respondent filed a motion to dismiss the habeas petition as successive, explaining that Petitioner previously challenged the same judgment in a § 2224 petition considered and denied on the merits in Knight v. McDonough,

4:05cv187-MP/MD, and Petitioner has not obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2254 petition. Doc. 12. Petitioner has not filed a reply, although given the opportunity to do so. *See* Doc. 11.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show that the petition is untimely and successive, and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

Petitioner was sentenced on June 4, 2001, in the Second Judicial Circuit, Leon County, Florida. Doc. 9 at 1. He appealed his judgment and sentence to the First District Court of Appeal (DCA), which affirmed the case without opinion on September 25, 2002, in case number 1D01-2462. *Id.* at 2; Knight v. State, 831 So. 2d 181 (Fla. 1st DCA 2002) (table). Petitioner filed a motion for rehearing, which the First DCA denied by order on November 1, 2002. *See* Doc. 9 at 2; online docket for 1D01-2462 at www.1dca.org. The mandate issued on November 19, 2002. *See* online docket for 1D01-2462 at www.1dca.org.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. *See* <u>Knight v. McDonough</u>, 4:05cv187-MP/MD, Doc. 20 at 3. The state post-conviction trial court summarily denied the Rule 3.850 motion and, on appeal, the First DCA affirmed without an opinion. *Id.* Petitioner also filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, which was unsuccessful in the state trial and appellate courts. *Id.*

Petitioner filed a § 2254 petition for writ of habeas corpus in this Court on May 31, 2005. *Id.* Doc. 1. Petitioner raised twelve grounds, all asserting ineffective assistance of counsel (IAC). *Id.* at 7. The Court denied that § 2254 petition on the merits. *See id.* Doc. 20 (Report and Recommendation to deny § 2254 on merits), Doc. 24 (Order adopting report and recommendation, and denying § 2254 petition), Doc. 25 (Judgment). Petitioner appealed to the Eleventh Circuit, and that court dismissed the appeal for want of prosecution on May 25, 2007, because Petitioner failed to pay the docketing and filing fees. *Id.* Docs. 29 and 33.

As indicated above, Petitioner filed the instant § 2254 petition on July 1, 2012. Doc. 1. In this petition, Petitioner raises one ground and asserts the "trial court and district court of appeal committed error in not granting relief on a constitutional limitations of a illegal sentence, where its clear from the face of the record, due process violation, deprived of a constitutional right." Doc. 9 at 4. Petitioner asserts:

> Petitioner has clearly established that the law was clearly established from state and federal and from his initial 3.800(a) and his initial brief that was in support of the due process violation in his illegal sentence, where its deprived Petitioner of his life, liberty, and due process of law, where jury verdict only support[s] a sentence of robbery with no enhancement of

Case No. 4:12cv328-LC/CAS

>sentence of life due to Petitioner being charged as principal. This is a constitutional violation of the Petitioner right and a miscarriage of justice.

*Id.* Petitioner also indicates that he filed a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.800(a), in the state circuit court on August 4, 2011, which was denied on February 10, 2012. Doc. 9 at 7. Petitioner appealed the denial to the First DCA, which affirmed the case without opinion on June 28, 2012, in case number 1D12-1394. *Id.*; Knight v. State, 91 So. 3d 138 (Fla. 1st DCA 2012) (table). The mandate issued on July 24, 2012. *See* online docket for 1D12-1394 at www.1dca.org.

## **Analysis**

Petitioner has not shown a jurisdictional basis for this habeas action. Petitioner challenges his confinement pursuant to the same state court judgment that he challenged in his prior § 2254 petition. Thus, in addition to being untimely, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A). This Court does not have jurisdiction to consider a second or successive § 2254 petition unless the Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition). Although, as Respondent indicates in the motion to dismiss, the state trial court amended Petitioner's judgment by order rendered September 23, 2009, nunc pro tunc June 4, 2001, such amendment corrected the judgment to reflect that Petitioner was found guilty by a jury, rather than having entered a plea of guilty. *See* Doc. 12 Ex. B. Petitioner was not resentenced and the

amended judgment expressly did not affect any other conditions of the judgment. *Id.* *Cf.* Magwood v. Patterson, 561 U.S. 320 (2010) (holding that § 2254 petition filed after resentencing was not barrred as second or successive, where first § 2254 petition resulted in resentencing hearing and new judgment: "This is Magwood's *first* application challenging that intervening judgment. The errors he alleges are *new*."). *See, e.g.*, Bishop v. Sec'y, Fla. Dep't of Corr., No. 3:13cv118-MCR/EMT, 2013 WL 5596776, at *3-4 (N.D. Fla. Oct. 11, 2013) (concluding that corrected judgment "was simply a re-recorded version of the 2006 original judgment after the clerk corrected the scrivener's error" and "was not a new intervening judgment under Magwood" where "[u]nlike Magwood, the corrected judgment in this case was not entered as a result of a resentencing; indeed Petitioner's convictions and sentences as to both counts remained unchanged," explaining that "[n]either the Supreme Court nor the Eleventh Circuit has squarely addressed whether correction of a clerical error in a judgment constitutes a 'new' judgment under Magwood" and "[o]ther courts which have addressed this narrow issue appear to have uniformly held that when a court corrects a clerical error in a criminal judgment, the AEDPA's one-year limitations period does not begin anew when the court corrects the clerical error"); Young v. Tucker, No. 3:11cv251-MCR/EMT, 2012 WL 1605893, at *3 n.2 (N.D. Fla. Mar. 20, 2012) (collecting cases, noting that correction of scrivener's error on petitioner's judgment and sentence did not restart one-year AEDPA limitations period, and explaining: "In the instant case, however, Petitioner was not resentenced. The change in the written judgment was merely clerical–it only corrected what was essentially a scrivener's error, that is, an incorrect notation that

Count Two was a first degree felony instead of a life felony. Petitioner's sentence remained unchanged.") Therefore, this § 2254 petition challenging the judgment in Leon County Circuit Court Case 1999-CF-3196 is successive and should be dismissed.

## Conclusion

For the reasons stated above, this § 2254 petition is an unauthorized second or successive petition. Therefore, this Court does not have jurisdiction to consider it and it should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 12) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 9) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 14, 2014.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**